IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUSSELL R. CERVANTES, STEPHANIE FAZ, DANIELYOUNG AND JOHN WARD ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, <br><br>Plaintiffs, <br><br>V. <br><br>COTTER & SONS, INC., JAMES A. COTTER, JR., AND JAMES COTTER, SR., <br><br>Defendants. | § § § § § § § § § § § § § § § | Civil Action No. 5:15-CV-287 |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY**

Defendants, Cotter & Sons, Inc., James Adam Cotter, and James Franklin Cotter file this response to Plaintiffs' Motion for Partial Summary Judgment on Liability and in support state the following:

## I.
### Summary of Response

Plaintiffs seek to establish the liability of all of the Defendants under the Fair Labor Standards Act ("FLSA") for unpaid overtime compensation, liquidated damages, and attorney's fees. In support, Plaintiffs have provided the Court with Plaintiffs' paystubs and timesheets during their employment with Cotter & Sons, Inc.

Plaintiffs have failed to meet their burden under Federal Rule of Civil Procedure 56 because: i) the evidence relied upon is inadmissible hearsay; ii) the Plaintiffs have failed to demonstrate that they performed the work for which they were not compensated; iii) the Plaintiffs have failed to establish that Defendants, James Adam Cotter and James Franklin Cotter, are liable

1

in their individual capacities as "employers" under the FLSA; and iv) the Plaintiffs have failed to establish that they are entitled to liquidated damages as a matter of law because evidence exists showing Defendants act reasonably and in good faith.  Therefore, genuine issues of material fact exist concerning Defendants' liability, and Plaintiffs' motion for summary judgment must be denied.

## II.
## Arguments and Authorities

a)  *Plaintiffs rely on inadmissible hearsay evidence*.

Hearsay evidence is inadmissible for summary judgment purposes under Federal Rule of Civil Procedure 56.  *Warfield v. Byron*, 436 F.3d 551, 559 (5th Cir. 2006).  Defendants object to the introduction of certain time records for Plaintiffs John Ward, Stephanie Faz, and Russell Cervantes as inadmissible hearsay not subject to a hearsay exception.  Specifically, Defendants seeks to exclude the following portions of the exhibits attached to Plaintiffs' motion for summary judgment:

- Exhibit B; Russell Cervantes Time Records, DEF 000179 - DEF 000180 (Docket 16; Footnote 13);

-  Exhibit C; Stephanie Faz Time Sheets, DEF 000399 - DEF 000400 (Docket 16; Footnote 16);

- Exhibit E; John Ward Time Sheets, DEF 000105- DEF 000106 (Docket 16; Footnotes 19 and 21);

In many cases, time sheets are admissible as admissions by party opponent under Federal Rule of Evidence 801 (d)(2).  *See e.g. Mendoza v. A&A Landscape & Irrigation, LP*, NO 4:12-CV-562, 2014 U.S. Dist. LEXIS 163413 at *4 (E.D. Tex., Nov. 21, 2014);  *see also Hannon v. Kiwi Servs*., No. 3:10-CV-1382-K-BH, 2011 U.S. Dist. LEXIS at *5 (N.D. Tex. Dec. 30, 2011).  In this case, however, the time sheets in question were completed entirely by the Plaintiffs

themselves, and were not signed by a supervisor of the Plaintiff or any other agent or representative of the Defendants. This means the only evidence Plaintiffs offer to prove Defendants' failure to pay overtime compensation was neither made nor adopted by the Defendants and thus are not admissions under Federal Rule of Evidence 801 (d)(2). *See U.S. V. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005) ("Rule 801(d)(2) . . . does not extend to a party's attempt to introduce his or her own statements through the testimony of other witnesses."). The timesheets are therefore hearsay because they constitute Plaintiffs' out-of-court written assertions being used to prove the matter asserted in those statement, namely that Plaintiffs worked the amount of time they stated in the timesheet. *See* Fed. R. Civ. P. 801.

As hearsay evidence, Plaintiffs are required to show the timesheets fall into one of the hearsay exceptions listed in Federal Rule of Evidence 803, which they have failed to do. *See Sowders v. United Corp.*, 3:09-CV-0642-D, 2007 U.S. Dist. LEXIS 82826 at *4 (W.D. Tex. Aug. 15, 2007). In this case, Plaintiffs have neither provided sworn testimony attesting to the veracity of the timesheets, nor made any other assertion to show the timesheets fall into one of the hearsay exceptions. Because the Plaintiffs have not established the applicability of a hearsay exception, the time sheets are not admissible as evidence and cannot be used to establish Plaintiffs' FLSA claims. *See* Fed. R. Civ. P. 802. Therefore, Plaintiffs' motion for summary judgment should be denied.

b) *Plaintiffs have failed to show that they performed the work for which they were not compensated.*

"[A]n employee bringing an action pursuant to the FLSA, based on unpaid overtime compensation, must first demonstrate that [he] has performed work for which [he] alleges [he] was not compensated." *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441-42 (5th Cir. 2005) (citing *Anderson v. Mount Clemens Pottery Co.*, 328 U.S. 680, 687-88, (1946)).

Here, Plaintiffs' only evidence to support their claim for unpaid overtime compensation are the Plaintiffs' timesheets (described above) and paystubs. Plaintiffs have provided no sworn or admissible testimony to show they have any personal knowledge of the hours they claim to have worked, that the hours they recorded in their time sheets are true and accurate representations, or that the hours recorded are reflective of work they allegedly performed but for which they were not compensated. Plaintiffs have simply attached paystubs and timesheets they themselves drafted, and these documents alone do not demonstrate that the Plaintiffs performed work for which they were not compensated. Therefore, Plaintiffs have failed to establish an essential element of liability under the FLSA and their motion for summary judgment should be denied.

c)  *Defendants James Adam Cotter and James Franklin Cotter are not liable in their individual capacities.*

Under the FLSA, liability extends to any covered "employer" who violates the statute. *See Donovan v. Grim Hotel Co.*, 747 F.3d 966, 971 (5th Cir. 1984). This includes individual supervisors and managers of covered entities. *See* 29 U.S.C. § 203(d) ("employer includes any person acting directly or indirectly in the interest of an employer in relation to an employee") (internal quotations omitted). "To determine whether an individual or entity is an employer, the court considers whether the alleged employer: (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012) (quoting *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010)).

In their motion for summary judgment, Plaintiffs do not address whether Defendants James Adam Cotter and James Franklin Cotter qualify as covered employers under 29 U.S.C. § 203 (d). Plaintiffs simply assert that all Defendants are employers under the statute. (Docket 16, ¶ 1).

Here, Defendant James Adam Cotter has admitted to being the direct supervisor of Russell Cervantes only.  (Docket 17, Exhibit A).  Defendants James Adam Cotter and James Franklin Cotter have specifically denied that they are employers, as defined by the FLSA, of the remaining Plaintiffs.  (Docket 2, page 5).  Inasmuch as Plaintiffs bear the burden of showing that each individual Defendant counts as an "employer" under the FLSA, Plaintiffs have failed to adduce any evidence that James Adam Cotter and James Franklin Cotter possessed the power to hire and fire the Plaintiffs, supervised and controlled the Plaintiffs' work schedules or conditions of employment, determined the rate and method of payment, or maintained employment records.  *Gray*, 673 F.3d at 355.  Therefore, Plaintiffs have failed to prove these Defendants' liability in their individual capacities, and Plaintiffs' motion for summary judgment should be denied.

    d)  *Defendants acted reasonably and in good faith.*

An employer who violates the FLSA is liable for liquidated damages equal to the unpaid overtime unless the court finds that the employer acted in good faith and had reasonable grounds to believe that his actions complied with the statute and therefore declines to award or reduces the amount of the liquidated damages. *Stokes v. BWXT Pantex, LLC*, 424 Fed. Appx. 324, 326 (5th Cir. 2011) (citing 29 U.S.C. § 260).  The "good faith" requirement is a subjective one which focuses upon the employer's intent to do right or to do wrong in terms of the FLSA.  *Williams v. Tri-County Growers, Inc.*, 747 F.2d 121, 129 (3rd Cir.1984). The "reasonable belief" requirement, on the other hand, imposes an objective standard by which the employer's conduct is to be judged.  *Id.*  What constitutes good faith on the part of an employer and whether the employer had reasonable grounds for believing that its act or omission was not a violation of the FLSA are mixed questions of fact and law.  *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1566 (11th Cir. 1991) (citing 29 C.F.R. 790.22(c)).  Therefore, whether an employer acted in good faith and with

reasonable grounds for believing it acted in conformity with the FLSA may be a fact issue to be determined at trial.  *See e.g. Gallegos v. Equity Title Co. of Am., Inc*., 484 F. Supp. 2d 589, 599 (W.D. Tex. 2007).

If Plaintiffs' evidence is taken as true, Plaintiffs can only show a small amount of unpaid overtime compensation due to the Plaintiffs collectively.  Specifically, Plaintiffs claim no more than $408.99 due to all four Plaintiffs collectively in unpaid overtime compensation. (Docket 16, page 8-9).  The same evidence also shows that Defendants paid $60,936.91 in overtime compensation alone to the Plaintiffs collectively throughout the course of their employment. Plaintiff Russell Cervantes received $42,498.12 in overtime compensation during the course of his employment with Cotter & Sons, Inc.[1]  Plaintiff Stephanie Faz received $1,144.52 in overtime compensation before she was promoted to a salaried position.[2]  Plaintiff John Ward received $13,423.52 in overtime compensation during his short seven-month term of employment with Cotter & Sons.[3]  And Plaintiff Daniel Young received $3,870.75 in overtime compensation.[4]

Here, the exorbitantly low amount of unpaid overtime compensation alleged by each Plaintiff compared to the exorbitantly high amount of overtime compensation that each Plaintiff received while employed with Cotter & Son constitutes sufficient evidence Defendants acted in good faith because it shows that Defendants' honest intent to comply with the FLSA.  S*ee Martin*

---

[1] Exhibit B to Plaintiffs' Motion for Partial Summary Judgment; Russell Cervantes Paystubs, DEF 000238, DEF 000251, and DEF 000255.

[2] Exhibit C to Plaintiffs' Motion for Partial Summary Judgment; Stephanie Faz Paystubs, DEF 000411 and DEF 000424.

[3] Exhibit E to Plaintiffs' Motion for Partial Summary Judgment; John Ward Paystubs, DEF 000118.

[4] Exhibit D to Plaintiffs' Motion for Partial Summary Judgment; Daniel Young Paystubs, DEF 000307 and DEF 000311.

*v. Tiller Helicopter Services, Inc*., 778 F. Supp. 1395, 1399 (S.D. Tex. 1991) (citing *Williams v. Tri-County Growers, Inc*., 747 F.2d 121, 129 (3rd Cir.1984)).  This fact coupled with the fact that the Plaintiffs filled out their own timesheets, many of the time sheets are marked-through or otherwise illegible, and the Plaintiffs never made any oral or written complaints to Defendants concerning the non-payment of overtime compensation[5], show Defendants had reasonable grounds to believe that they were in compliance with the FLSA.  At minimum, these facts create a genuine issue for trial concerning whether the Defendants acted reasonably and in good faith.  Therefore, Plaintiff's motion for summary judgment should be denied.

      e)      *Plaintiffs are not entitled to attorney's fees*.

In their motion for summary judgment, Plaintiffs' seek to recover attorney's fees and costs in an unspecified amount.  (Docket 16, page 10).  The FLSA authorizes employees to sue their employers for redress of overtime violations, and mandates the award of attorney's fees and costs to successful employee litigants.  29 U.S.C. § 216(b); *San Antonio Metro Transit Auth. v. McLaughlin*, 876 F.2d 441, 445 (5th Cir. 1989).  Plaintiffs have failed to establish liability on the part of the Defendants as more fully set forth above.  Plaintiffs have also failed to put forth evidence to support an award of attorney's fees.  Accordingly, Plaintiffs are not entitled to attorney's fees.

## III.
## Conclusion

Plaintiffs' motion for summary judgment should be denied because: i) the evidence relied upon is inadmissible hearsay; ii) the Plaintiffs have failed to demonstrate that they performed the

---

[5] See affidavits of James Adam Cotter and James Andrew Cotter attached to Defendants' Motion for Summary Judgment (Docket 17) as Exhibit "A" and Exhibit "B" respectively.

work for which they were not compensated; iii) the Plaintiffs have failed to establish that Defendants, James Adam Cotter and James Franklin Cotter, are liable in their individual capacities; and iv) a genuine issue of material fact exists as to whether Defendants acted reasonably and in good faith.  For these reasons, Defendants ask the court to deny Plaintiffs' motion for summary judgment.

        Respectfully submitted,

        PRINS LAW FIRM
        4940 Broadway, Suite 108
        San Antonio, TX 78209
        (210) 820-0833
        (210) 820-0929 fax

By:   */s/ William L. McCamish*
        Todd A. Prins
        SBN:  16330400
        taprins@prinslaw.com
        William L. McCamish
        SBN: 24062497
        wmccamish@prinslaw.com

## CERTIFICATE OF SERVICE

   I hereby certify that on March 24, 2016, Defendants' Motion for Summary Judgment was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Charles M.R. Vethan
J. Seth Grove
3501 Allen Parkway
Houston, Texas 77019
Telephone: (713) 526-2222
Facsimile: (713) 526-2230
edocs@vwtexlaw.com

                */s/ William L. McCamish*
                William L. McCamish